# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DERRICK GUINN,                                                                                  PLAINTIFFS
ADC #148607; *et al*.

v.                                              No. 5:12CV00175 JLH/JTR

SHURELL FREEMAN, Sergeant,
Williams Correctional Facility; *et al*.                                                        DEFENDANTS

## ORDER

### I. Introduction

Plaintiff Derrick Guinn is a prisoner in the Williams Correctional Facility of the Arkansas Department of Correction. He has filed a *pro se* section 1983 complaint alleging that defendants violated his constitutional rights. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court dismisses the action, without prejudice, for failing to state a claim upon which relief may be granted.[1]

### II. Discussion

**A.   First Amendment Claim**

On January 31, 2012, Guinn wrote his wife, Guwanna Guinn, a letter asking her to send money to inmate Beuford Miller. *See* Document #2. Sometime thereafter, Guinn sent his wife a second letter stating that she should *not* send the money to Miller. *Id.* According to Guinn, unspecified prison officials violated his constitutional rights when they confiscated the January 31,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: are legally frivolous or malicious; fail to state a claim upon which relief may be granted; or seek monetary relief from a defendant who is immune from such relief. *Id.* When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

2012, letter and never delivered it to his wife. *Id.* As will be further explained herein, prison officials subsequently charged Guinn with a disciplinary infraction for improperly asking his wife to send money to another prisoner.[2]

Prisoners have a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 409-14 (1989); *Davis v. Norris,* 249 F.3d 800, 801 (8th Cir. 2001). However, that right is not absolute. Instead, prison officials may restrict or seize a prisoner's mail if doing so is reasonably related to legitimate penological interests, such as institutional safety and security. *Id.*; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987). In *Knight v. Lombardi*, 952 F.2d 177, 179 (8th Cir. 1991), the Eighth Circuit specifically held that prison officials do not violate the First Amendment when they seize a prisoner's mail during an internal investigation into a violation of prison rules.

In this case, Guinn concedes that prison officials seized the January 31, 2012 letter during an internal investigation that ultimately lead to him being convicted of a disciplinary infraction. Thus, he has failed to state a viable First Amendment claim.

**B.    Fourteenth Amendment Claim**

Guinn contends that defendants Freeman, Minor, Skinner, Collins, Jackson, and Cashion violated his Fourteenth Amendment due process rights when they wrongfully convicted him of a disciplinary infraction for sending the January 31, 2012 letter asking his wife to send money to another inmate. *See* Document #2. As a result of that disciplinary conviction, Guinn lost 365 days of good time credit, his class was reduced, and he was confined in punitive isolation for 30 days. *Id.*

---

[2] Guinn listed Guwanna Guinn and Beuford Miller as co-plaintiffs. *Id.* However, neither of those two individuals signed the complaint. *See* Fed. R. Civ. P. 11(a) (providing that each party, or an attorney representing the parties, must sign the complaint). Additionally, they have not paid the filing fee or filed applications to proceed *in forma pauperis*. Finally, it is unclear how Miller, who was neither the sender nor intended receiver of the seized letter, suffered any constitutional violation.

By way of relief, he seeks the reversal of his disciplinary conviction, the restoration of his lost good time credits, and monetary damages. *Id.*

A prisoner may only maintain a due process challenge to a disciplinary proceeding if he is deemed to have a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). It is well settled that a prisoner does *not* have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, 153 Fed. App'x 403, 404 (8th Cir. 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Similarly, based upon *Sandin*, courts have held that a prisoner does *not* have a liberty interest arising from being placed in punitive isolation for a relatively short time. *See Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that, under *Sandin*, thirty days in punitive segregation was not an atypical and significant hardship). Thus, Guinn did not have a liberty interest in avoiding placement in punitive isolation for thirty days.

In contrast, a prisoner may have a constitutionally protected liberty interest in a shortened prison sentence resulting from good time credits. *Wolff v. McDonnell,* 418 U.S. 539, 555-58 (1974); *Sandin,* 515 U.S. at 477-79. However, the proper vehicle for restoring lost good time credits is a federal habeas action, not a civil rights action.[3] *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004); *Portley-El,* 288 F.3d at 1066-67. Importantly, the Supreme Court has extended this holding to cases

---

[3] Before filing such a habeas action, a state prisoner must first challenge the constitutionality of the underlying disciplinary conviction in *state court*, if possible, and fully exhaust all state court remedies. *See* 28 U.S.C. § 2254(b).

in which a prisoner seeks damages, in lieu of or in addition to the restoration of good time credits. *See Heck v. Humphrey,* 512 U.S. 477 (1994) (providing that, if an award of damages to a prisoner in a civil rights action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim could be brought until the conviction or sentence was reversed, expunged, or called into question by a state tribunal or federal habeas court); *Edwards v. Balisok*, 520 U.S. 641 (1997) (applying the *Heck* holding to prison disciplinary convictions); *Portley-El* 288 F.3d at 1066 (same).

Accordingly, Guinn's due process challenge to his disciplinary conviction is dismissed, without prejudice, so that he can pursue his state court remedies aimed at having it reversed, expunged, or called into question. If those state remedies are unsuccessful, Guinn can then file a federal habeas action. Only after Guinn has prevailed in overturning his disciplinary conviction, can he file a section 1983 action for damages.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Pursuant to 28 U.S.C. § 1915A, this case is dismissed without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal constitutes a strike, as defined by 28 U.S.C. § 1915(g).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

DATED this 6th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE